

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2007

# Wijaya v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4844

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wijaya v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1311.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1311

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4844

———

DENIS WIJAYA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review of A Final Order of the Board of Immigration Appeals
(BIA No. A96-203-812)
Immigration Judge: Honorable Rosalind Malloy

———

Submitted Under Third Circuit LAR 34.1(a),
March 15, 2007

Before: FUENTES, GREENBERG and LOURIE,[*] Circuit Judges

(Filed:  April 13, 2007)

———

OPINION OF THE COURT

———

---

[*] Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

FUENTES, <u>Circuit Judge</u>.

Denis Wijaya petitions for review of a final order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. For the reasons stated below, we will deny the petition.

Wijaya is a citizen of Indonesia. He is ethnically Chinese and Christian. He entered the United States on a nonimmigrant visa in June of 2002, when he was sixteen years old, in order to participate in an English-language program in California. At the completion of the program, Wijaya traveled to Philadelphia in order to visit friends of his parents, and thereafter overstayed his visa. After he was placed in removal proceedings in May of 2003, Wijaya filed an application for asylum, withholding of removal, and relief under the Convention Against Torture. Although Wijaya filed the application approximately two months after the one-year filing deadline for filing an asylum application had passed, the IJ waived the requirement because of Wijaya's young age.

At a merits hearing, Wijaya testified that he had been the victim of two attacks in Indonesia based on his ethnic and religious identity. First, when he was ten years old, he was accosted by four or five unknown boys while he was walking home from church with his cousin. The boys demanded Wijaya's money and punched him. The second incident occurred in 2001, when Wijaya was fourteen years old. After leaving a shopping mall, he witnessed a large crowd harassing ethnic Chinese drivers. Although he tried to flee, several individuals followed him and beat him, shouting, "Chinese, Chinese, kill them."

2

Police arrived sometime thereafter, dispersed the crowd, and stopped a taxi to take Wijaya home. Based on these incidents, Wijaya states that he fears he will be persecuted if he returns to Indonesia.

The IJ found Wijaya's testimony credible, but nevertheless denied his asylum application on grounds that the incidents described do not rise to the level of persecution. Although the IJ did not question Wijaya's subjective belief that he was attacked because of his ethnic and religious identity, she found that the two incidents were common criminal attacks resulting in minor physical injuries.[1] In the IJ's view, the fact that police helped Wijaya during the second incident demonstrates that the government is willing to protect ethnic Chinese Indonesians. Moreover, U.S. State Department and human rights reports submitted into evidence indicate that the Indonesian government has taken steps to prevent discrimination against Christians and ethnic Chinese. Finally, the IJ found it significant that Wijaya's parents and sister continue to live in Indonesia without incident, and openly practice their religion without interference from the government. Accordingly, the IJ denied Wijaya's request for relief from removal. After the BIA summarily affirmed the IJ's decision, this appeal followed.[2]

Where the BIA adopts the opinion of the IJ, we review the IJ's decision. Gao v.

---

[1] Although we think the motivation for the second attack is more ambiguous than the IJ seemed to suggest, our disagreement is in no way sufficient to disrupt the IJ's overall findings.

[2] Wijaya does not challenge the IJ's adverse ruling on his claim under the Convention Against Torture.

3

Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).  Whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual question, which we review under the substantial evidence standard.  Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir 2003).  Under the substantial evidence standard, we may only disrupt an IJ's findings if "the evidence not only supports a contrary conclusion, but compels it."  Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

We recognize, as did the IJ, that the incidents Wijaya described were no doubt traumatic, particularly given Wijaya's young age at the time the incidents occurred. Nevertheless, we simply cannot say that the record compels a conclusion contrary to the one reached by the IJ.

We have previously defined persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom."  Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).  Thus, in Lie v. Ashcroft, a case with facts comparable to the ones presented here, we stated that petitioner's "account of two isolated criminal acts, perpetrated by unknown assailants, which result[ed] only in the theft of some personal property and a minor injury, [wa]s not sufficiently severe to be considered persecution."  396 F.3d 530, 536 (3d Cir. 2005).

We further observed that "when family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished."  Id. at 537.  Moreover, as we observed in Lie,

4

the record before us does not establish a pattern or practice of persecution of Chinese Christians in Indonesia.  Id. at 537-38.

Finally, to the extent that Wijaya fails to satisfy his evidentiary burden for establishing his eligibility for asylum, he also fails to meet the higher standard for establishing his eligibility for withholding of removal.  See Mudric v. Attorney General, 469 F.3d 94, 102 n.8 (3d Cir. 2006).

Accordingly, we will deny the petition for review.

———